IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Chris E,<br><br>                Plaintiff,<br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security<br><br>                Defendant. | Memorandum Decision and Order Affirming the Decision of the Commissioner<br><br>Case No. 2:17-cv-474 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff, Chris E, appeals the Commissioner's denial of his application for disability benefits under Title II of the Social Security Act.[1] The court determines the decision of the Commissioner is supported by substantial evidence and the law was properly applied. Therefore, discerning no reversible error, the court affirms the Commissioner's decision.

I

Mr. E,[2] filed for benefits alleging disability beginning on January 12, 2012,[3] due to depression, anxiety and pain in his back and legs.[4] Plaintiff's last insured date is December 31, 2013. Under the regulations Plaintiff must establish disability on or before that date to get benefits.[5] To establish disability, Mr. E must show that he has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. § 636(c).
[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 15.
[4] Tr. 34, 188.
[5] *See* 20 C.F.R. §§ 404.101(a), 404.1512(a). Claimant previously filed an application for benefits in March 2010 that was decided against him on January 11, 2012. Tr. 18. The prior decision found Mr. E had the severe impairments of degenerative disc disease, major depressive disorder, anxiety and alcohol abuse.

death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."[6]

Following an initial denial of benefits, Plaintiff requested and received a hearing before an administrative law judge (ALJ). The ALJ followed the five-step sequential evaluation process[7] and found Mr. E had the severe impairments of lumbar degenerative disc disease and depressive disorder.[8] The ALJ next found that Mr. E had the residual functional capacity (RFC) to perform light work with certain modifications.[9] Plaintiff's prior work experience includes work as a maintenance mechanic. At step five, the ALJ found that Plaintiff could perform other jobs such as marker, housekeeping cleaner or cafeteria attendant.[10] So, he was not disabled.

After the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner for review.[11] Mr. E seeks review of the Commissioner's decision and raises two issue on appeal: 1) did the ALJ fail to correctly consider and evaluate the combined and cumulative effects of all the physical and mental impairments in determining Claimant's RFC?; and 2) did the ALJ err by not taking into consideration Plaintiff's own testimony and failing to adopt the limitations of the vocational expert in two of the hypotheticals?

II.

The court reviews the Commissioner's "decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial

---

[6] 42 U.S.C. § 423(d).
[7] 20 CFR 404.1520(a).
[8] Tr. 18.
[9] These additional limitations include "occasional climbing of ramps and stairs but no climbing ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; no working at unprotected heights or around dangerous moving machinery or using vibrating tools; he could perform simple, routine, tasks involving only SVP of one or two; he could perform goal-oriented work such as an office cleaner, but not production-rate pace work such as an assembly line." Tr. 20.
[10] Tr. 25.
[11] See *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003).

evidence in the record."[12] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[14] Thus, the court may not "'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'"[15]

### III

Plaintiff first challenges the ALJ's RFC assessment attacking the ALJ's "specific findings that [he] was capable of performing a range of light work, …."[16] Plaintiff argues the ALJ failed to correctly consider and evaluate the combined and cumulative effects of the entirety of his physical and mental impairments. Further, Plaintiff asserts the ALJ's RFC assessment is not supported by substantial evidence in the record. These arguments are without merit and not supported by the record.

Here the ALJ carefully set forth reasons supporting the finding of an RFC for light work with additional limitations. The ALJ noted inconsistencies in Plaintiff's own testimony about driving a car and trips to and from Oregon.[17] The ALJ also cited to findings by state agency medical professionals, Dr. David Peterson, Dr. Ralph McKay, Dr. Joshua Clauson and Dr. Kenneth Wallis, that supported the RFC of light work with additional limitations.[18] In addition,

---

[12] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir.2006).
[13] *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir.2008) (internal quotation marks omitted).
[14] *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[15] *Id.* (quoting *Custer County Action Ass'n v. Garvery*, 256 F.3d 1024, 1030 (10th Cir. 2001)).
[16] Pla's brief p. 13.
[17] Tr. 17, 21.
[18] Tr. 22-23.

the ALJ considered the opinions of Plaintiff's primary care provider, Jonathan Atkins, and Dr. Timothy Grange, his orthopedic pain specialist. The ALJ discounted their opinions noting their diagnosis of cervical arthritis and a torn biceps tendon were not established until 2015 and 2016, which is after the insured period.[19] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[20] The evidence cited to by the ALJ is certainly more than the required scintilla[21] and supports the RFC determination.[22]

Next, Claimant challenges the evaluation of his own testimony and that of the vocational expert (VE). The VE was presented with three hypotheticals. In one hypothetical Plaintiff was found to be capable of other work. In the other two, including one with alterations made by Plaintiff's counsel at the hearing before the ALJ, Plaintiff would have been precluded from any work. Plaintiff argues the ALJ erred by not taking into consideration his own testimony and by failing to adopt the VE's findings in the second or third hypotheticals. The court finds these arguments unpersuasive.

Much of Plaintiff's argument centers on the ALJ's decision to discount his subjective complaints. Plaintiff argues the ALJ's decision "does not seem to address how Mr. [E's] physical, mental and social impairments impact the competitive realities of working in the modern workplace."[23] Plaintiff, however, fails to cite to portions in the record, other than his own subjective testimony, that support the alleged severity and negative impact these

---

[19] Tr. 23. *See Huston v. Bowen*, 838 F.2d 1125, 1127 (10th Cir. 1988) (noting the difficulty with evidence pertaining to conditions that existed after the expiration of insured status).
[20] *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir.2008) (internal quotation marks omitted).
[21] *See id.*
[22] *See White v. Barnhart*, 287 F.3d 903, 909-10 (10th Cir. 2001), as amended on denial of reh'g (Apr. 5, 2002) (finding that the ALJ did not err because of a "carefully set forth" analysis of the record).
[23] Pla's brief p. 21.

impairments had upon his ability to work. The ALJ is not required to include in the RFC assessment limitations that are not supported by the medical evidence.[24]

Finally, Plaintiff argues that if the ALJ had properly considered his subjective complaints, then the second or third hypotheticals, where the VE said no work was available, would have been adopted. Instead, the ALJ chose the first hypothetical rejecting the limitations in the second and third hypotheticals. Plaintiff asserts this was error. A hypothetical question should include all those impairments established by the evidentiary record.[25] It does not, however, need to include impairments that are speculative or lacking in evidentiary support.[26] Here, the VE relied on limitations found by the ALJ that were established in the record. "The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by [P]laintiff but not accepted by the ALJ as supported by the record."[27] The undersigned concludes the ALJ did not err in relying on the VE's testimony as to the first hypothetical and rejecting the other two hypotheticals.

---

[24] *See Qualls v. Apfel*, 206 F.3d 1368, 1371-72 (10th Cir. 2000) ("The first contention is belied by the medical record, which does not show that the limitations in plaintiff's use of his hands included an inability to perform repetitive motions. Therefore, the ALJ did not err by failing to include this alleged limitation in his RFC assessment."); *see also United States v. Rodriquez-Aguirre*, 108 F.3d 1228, 1238 n.8 (10th Cir. 1997) (the burden is on the party alleging prejudice to cite to specific instances in the record and the court will not "sift through" the record to find support for a claimant's arguments).
[25] *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).
[26] *See id.*
[27] *Bean v. Cater*, 77 F.3d 1210, 1214 (10th Cir. 1995).

## CONCLUSION AND ORDER

The court concludes the Commissioner's decision is supported by substantial evidence and is free of harmful legal error. The Commissioner's decision is therefore affirmed. The Clerk of the Court is instructed to close this case.

DATED this 5 February 2019.

Brooke C. Wells
United States Magistrate Judge